**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| OSCAR GANDARA SIMENTAL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JASON KNIGHT, *et al.*,<br><br>　　　　Respondents. | Case No. 2:26-cv-00205-RFB-NJK<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

　　Before the Court is Petitioner Oscar Gandara Simental's motion for preliminary injunctive relief (ECF No. 2).[1] Through it, he challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada, at the hands of Federal Respondents. On January 29, 2026, the Court ordered Respondents to explain why a preliminary injunction should not be granted by February 2, 2026. See ECF No. 4 (order to show cause). Federal Respondents filed their response on February 2, 2026, and Petitioner filed a reply on February 4, 2026. See ECF Nos. 6, 8. Respondent Mattos filed a response on February 3, 2026, asserting "no position" on the instant matter. See ECF No. 7. For the following reasons, the Court grants the Motion and orders Respondents to afford Petitioner a bond hearing under 8 U.S.C.

---

[1] Although Petitioner seeks a temporary restraining order, see ECF No. 2, the Court treats his motion as a request for a preliminary injunction. Both forms of injunctive relief are subject to the same legal standard. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents had notice, an opportunity to respond, and ability to be heard. See Fed. R. Civ. P. 65. Because the standards for the two forms of relief are the same, and the Court finds there is no benefit in additional briefing, issuance of a preliminary injunction is warranted in light of the liberty interest at stake. Therefore, pursuant to its inherent authority to manage its own docket, the Court converts Petitioner's Motion for Temporary Restraining Order into one for a preliminary injunction. See Dietz v. Bouldin, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and quotation marks omitted).

§ 1226(a) by **February 10, 2026**.

As a preliminary matter, the Court makes the following findings of fact based on Petitioner's *verified*, undisputed factual allegations and the evidence the Parties supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (quoting Whitten v. Tomlinson, 160 U.S. 231, 242 (1895)). Petitioner is a 50-year-old Mexican citizen who has resided in the United States for nearly 20 years. See ECF No. 1 at 2. His latest entry into the United States was without inspection at an unknown date and place. See ECF No. 6-1 at 4. In his nearly 20 years of residency in the country's interior, Petitioner has established robust familial, financial, and community ties within the United States; his minor daughter is a U.S. citizen, as his longtime girlfriend. See ECF No. 1 at 3. These loved ones have suffered significant financial and emotional distress for the duration of his detention. See id. Petitioner is currently being held at NSDC and has been in ICE custody since January 13, 2026, when ICE officers arrested him pursuant to an administrative warrant. See ECF No. 6 at 2. Federal Respondents assert that he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2), meaning he is being held without an opportunity for release on bond. See id. at 7; ECF No. 1 at 2.

The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions and findings here.

In addition, the Court has already found it habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply; the Court fully incorporates by references its prior findings on this point. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, No. 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025); Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715, at *2-3 (D. Nev. Jan. 26, 2026). The Court also fully incorporates by reference its prior finding that administrative

1  exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem,
2  No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

3        The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to
4  a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural
5  Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To
6  obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success
7  on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary
8  relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an
9  injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir.
10 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

11       The Court finds Petitioner has established a likelihood of success on the merits of his
12 statutory and due process challenges to his continued detention for the same reasons set forth
13 in Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the
14 INA challenge, Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his
15 detention without a bond hearing, Petitioner argues Respondents' interpretation of the statutory
16 scheme of §§ 1225 and 1226 is erroneous, and that he, as a long-time resident arrested in the
17 interior, is subject to § 1226(a). This Court agrees with Petitioner and incorporates by reference its
18 holding and findings in Escobar Salgado. 2025 WL 3205356, at *10-22. Further, the Court finds
19 Petitioner has established a likelihood of success on the merits of his procedural and substantive
20 due process challenges to his prolonged detention without an individualized bond hearing. The
21 procedural due process factors under Mathews v. Eldridge weigh heavily in favor of Petitioner
22 because (1) the private interest affected is the fundamental liberty interest in being free from
23 imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS
24 agency officials have sole, unguided, and unreviewable discretion to detain Petitioner without any
25 individualized showing of why his detention is warranted, nor any process for Petitioner to
26 challenge the exercise of that discretion; (3) the Government's interest in enforcing immigration
27 laws is served by an individualized determination by an immigration judge, based on a review of
28 evidence presented by the government and the noncitizen, as to whether an individual is dangerous

or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, *e.g.*, financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Injunctive relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown[.]" Id. (citation omitted). The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas, 391 U.S. at 238. "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

The Court finds that the specific harm suffered by Petitioner—prolonged detention without

a constitutionally-adequate, statutorily-required bond hearing establishing that his continued detention is warranted—is remedied by ordering an individualized bond hearing pursuant to § 1226(a) and enjoining Respondents from preventing his release on the basis that he is detained under § 1225(b)(2).

Under Federal Rule of Civil Procedure 65(c), a court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, 'the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" Id. (citation modified) (quoting Jorgensen, 320 F.3d at 919). Respondents have not argued that providing Petitioner a bond hearing will be costly. Therefore, the Court declines to impose bond beyond the amount that may be imposed by an IJ under § 1226(a) upon a grant of bond.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for a Preliminary Injunction (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 10, 2026**.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Thus, in the event that bond is granted, the Court **ENJOINS** Respondents from invoking the automatic stay to continue Petitioner's detention, as the Court has already found that the automatic stay is unconstitutional. The Court incorporates that finding by reference here. See Herrera v. Knight, No. 2:25-cv-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sep. 5, 2025).

If bond is granted, Respondents are **ORDERED** to immediately release Petitioner. The

Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and, therefore, the Court **FURTHER ORDERS** that Petitioner be afforded until **March 11, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **February 10, 2026**, Petitioner shall be immediately released unless, and until, it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** the Parties shall file a joint status report by **February 11, 2026**. The status report shall detail when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing does not occur by **February 10, 2026**, the status report shall confirm Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that on or before **February 20, 2026**, the Parties shall file a stipulated proposed scheduling order for full briefing on the merits of the petition for a writ of habeas corpus (ECF No. 1).

**DATED**: February 5, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**